### 1564. SMITH v. CITY OF ATLANTA.

The judge of the superior court did not err in remanding the case for further action in the mayor's court.

Certiorari, from Fulton superior court—Judge Pendleton. November 30, 1908.

Argued January 13,—Decided January 27, 1909.

*S. C. Crane,* for plaintiff in error.

*J. L. Mayson, W. P. Hill, C. D. Hill,* contra.

POWELL, J. The plaintiff in error was convicted in the police court of Atlanta, under a charge of disorderly and immoral conduct and keeping a disorderly house. She brought the case, by certiorari, to the superior court. The judge of that court sustained the certiorari and remanded the case for further disposition in the police court. The plaintiff in error excepts to so much of the order as remands the case, and insists that the judge of the superior court should have made a final disposition of the case by discharging the prisoner.

We find no error in this order. It is only when the case is absolutely and finally controlled by some question of law that the judge of the superior court should render final judgment, in sustaining a certiorari. The judge of the superior court had, of course, the right to grant a new trial; but, under the record, we would not have reversed the judgment if he had refused to do so. There was evidence that the defendant kept a disorderly house. Though this is a State offense, nevertheless, under express charter power,

the police court of Atlanta is authorized to deal with it.  *Hood* v.
*Von Glahn,* 88 *Ga.* 413 (14 S. E. 564) ; Anderson's Code of At-
lanta, §33.

Not only this, but, under the city charter and the general law,
the recorder is ex-officio a justice of the peace for the purpose of
committing defendants for State offenses disclosed in investigations
made in the police court.  Political Code, §699; Code of Atlanta,
§§22, 198, 201, 307, 316.  The judge of the superior court was
authorized to remand the case, that the city recorder might exer-
cise his jurisdiction in this respect.          *Judgment affirmed.*